IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH ROBERTSON, *pro se*, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-20-1876 |
| COMPTROLLER OF MARYLAND, | * | Bankruptcy Case No. 18-14916 |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On November 16, 2020, this Court entered its Memorandum Opinion and Order (ECF Nos. 13, 14), affirming the June 22, 2020 Order of United States Bankruptcy Judge Michelle M. Harner and closing this case. Now pending is *pro se* appellant Keith Robertson's Motion to Alter Judgment to Address Merits of Brief (ECF No. 15), seeking reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of this Court's November 16, 2020 Memorandum Opinion and Order. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Robertson's Motion to Alter Judgment to Address Merits of Brief (ECF No. 15) is DENIED.

## BACKGROUND

The background of this case was discussed at length in this Court's November 16, 2020 Memorandum Opinion. (ECF No. 13.) In brief, on April 12, 2018 the *pro se* Appellant Keith Robertson ("Appellant" or "Robertson") filed a Chapter 13 bankruptcy petition (Case

1

No. 18-14916) in the United States Bankruptcy Court for the District of Maryland. (Bankruptcy Docket Sheet, ECF No. 3-42.) After an evidentiary hearing in June of 2019, the Bankruptcy Court determined that Robertson's State income taxes and associated interest for the tax years of 2012 through 2017 were not discharged. (Bankruptcy Order, ECF No. 3-31.) On November 8, 2019, Robertson filed an Objection to Proof of Claim against the Comptroller of Maryland, asserting that the income tax liability claim against him should have been $3,385.82 instead of $77,336.47. (Objection to Proof of Claim, ECF No. 3-27.)

On February 4, 2020, the Bankruptcy Court held a hearing where it overruled Robertson's Objection and closed Robertson's case. (Bankruptcy Docket, ECF No. 3-42.) On February 10, 2020, Robertson filed a Motion for Relief from Judgment, asking the Bankruptcy Court to reconsider his objection to proof of claim and to reinstate his adversarial proceeding. (Motion for Relief from Judgment, ECF No. 3-5.) Bankruptcy Judge Michelle M. Harner considered the Motion in accordance with Federal Rule of Civil Procedure 60, which is applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024. (June 22, 2020 Order, ECF No. 3-4.) Judge Harner denied Robertson's Motion for Relief from Judgment because he had not shown any change in circumstances, extraordinary circumstances, or injustice relating to the prior rulings. (*Id.*) Judge Harner explained that the relief requested by Robertson, specifically the determination of the amount of tax debt due, was not appropriately pursued in bankruptcy court, as "Congress has determined to limit a debtor's ability to discharge certain tax debt, and the [Bankruptcy] Court must follow that decision." (*Id.* at 9-10.) Robertson timely appealed Judge Harner's Order to this Court. (Notice of Appeal, ECF No. 1.)

On November 16, 2020, this Court affirmed the June 22, 2020 Order of Bankruptcy Judge Harner, finding that Judge Harner appropriately exercised her discretion in abstaining from making determinations of state income tax assessment. (ECF Nos. 13, 14.) On November 18, 2020, Robertson filed the present Motion to Alter Judgment to Address Merits of Brief (ECF No. 15), seeking reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of this Court's November 16, 2020 Memorandum Opinion and Order.

## STANDARD OF REVIEW

Robertson moves for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Robertson filed his motion within 28 days of this Court's Order affirming Bankruptcy Judge Harner's Order. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g.*, *Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[1] may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even liberally construing Robertson's Motion, Robertson has not met the high bar he faces under Rule 59(e). There has been no intervening change in controlling law since this Court's Memorandum Opinion and Order of November 16, 2020; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Memorandum Opinion and Order. This Court affirmed Bankruptcy Judge Harner's June 22, 2020 Order because Robertson's "requested relief is more properly pursued in the state tax system" and Judge Harner

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

"appropriately exercised her discretion in abstaining from making determinations of state income tax assessment." (ECF No. 13 at 6-7 (citing Md. Code Ann., Tax-Gen. § 13-508).) Robertson raises the very same argument for alteration or amendment under Rule 59(e) as he raised in his appeal, specifically that Judge Harner should not have abstained from ruling on the dischargeability of Robertson's State income taxes. (Motion to Alter, ECF No. 15.)

This Court has already considered, and explicitly rejected, Robertson's argument in its November 16, 2020 Memorandum Opinion and Order, finding no error in the Bankruptcy Court's abstention from making determinations regarding Robertson's state income tax assessment. (ECF Nos. 13, 14.) Further, this Court noted that Maryland's tax law specifically provides a procedure for individuals who wish to contest an income tax assessment. (ECF No. 13 at 7 (citing Md. Code Ann., Tax-Gen. § 13-508).)

Because Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *Pacific Ins. Co.*, 148 F.3d at 403, this Court concludes that Robertson has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, it is this 28th day of December, 2020, HEREBY ORDERED that:

1. Robertson's Motion to Alter Judgment to Address Merits of Brief (ECF No. 15) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to the parties

and to Bankruptcy Judge Harner.

                                                            _____/s/_____
                                                           Richard D. Bennett
                                                           United States District Judge